**E. G. BAILEY, Frank Evans and Earl Hillstrand, Appellants,**

v.

**CITY OF ANCHORAGE, ALASKA,** Appellee.

No. 14227.

United States Court of Appeals, Ninth Circuit.

Feb. 23, 1955.

692

J. Earl Cooper, Anchorage, Alaska, for appellants.

John L. Rader, City Atty., Anchorage, Alaska, for appellee.

Before MATHEWS, HEALY and BONE, Circuit Judges.

PER CURIAM.

This appeal is from an order of the District Court for the Territory of Alaska in a proceeding under Article 2 of Chapter 1 of Title 16, Alaska Compiled Laws Annotated 1949, as amended by Chapter 25, Session Laws of Alaska 1953. The pertinent sections of Article 2 are §§ 16-1-22, 16-1-23 and 16-1-24.

Section 16-1-22 provides: "Whenever the council of any city shall desire to enlarge the limits of said city by annexing the territory contiguous thereto, they shall file in the district court for the judicial division wherein the city is located, a petition signed by thirty per cent of the owners of substantial property interests in land or possessory rights in land, tidelands or improvements upon land or tideland within the limits of the territory so proposed to be annexed, setting forth by metes and bounds the territory sought to be annexed to such city, and there shall be attached thereto a plat based upon an actual survey by a competent surveyor setting forth the limits and boundaries of the territory to be annexed by metes and bounds and stating the number of inhabitants therein, as well as the number of owners of property therein situate and such other facts as the court may require. Said petition shall be sworn to on behalf of the city and by at least one of the property owners herein provided for. Said petition may be presented in open court or to the judge of said court in chambers and said judge shall fix a time and place of hearing on the petition and shall cause notice of said hearing to be posted in at least three of the most public places in such city and in three places within the territory sought to be annexed, and if a newspaper be published in said city, then to publish such notice at least three times in such paper. Such notices shall be posted at least four weeks before the hearing and the first publication of such notice in the newspaper shall be at least four weeks before the hearing. The court shall make diligent inquiry as to the reasonableness and justice of the petition and if the court be satisfied from proofs and evidence that no private rights will be injured by granting the petition and if it is just and reasonable that the annexation take place, the court shall, unless it be shown that the petition is not bona fide or that one or more of the signers thereto are not owners of substantial property rights as herein provided or fails to comply with the requirements of this act in any other respect, order an election."

Section 16-1-23 provides: "The council of such city shall thereupon submit the question to the electors of such city and to the electors residing in the territory proposed by said petition to be annexed to such city. * * * Such council shall meet on the Monday next succeeding the day of such election at one o'clock p.m. and canvass the votes cast thereat, and the council shall issue under their hands, and the seal of the city, a certificate showing the number of votes cast in favor of annexation and the number of votes cast against the annexation, separately stating the number of votes for or against in the city and in the territory sought to be annexed. Said certificate * * * shall immediately be filed with

the clerk of the district court in the proceedings authorizing said election."

Section 16–1–24 provides: "If it shall appear to the district court or the judge thereof from the certificate of election filed with the district court as aforesaid, that a majority of the votes cast at said election in the territory sought to be annexed were in favor of annexation and that a majority of the votes cast in the city were also in favor of the annexation, and that the provisions of law relating to annexation have been substantially complied with, then the district judge shall by an order in writing entered in the records of the court duly adjudge and declare such annexation and the said territory shall, from thenceforth, be a part of the city. * * *"

Desiring to enlarge the limits of the City of Anchorage, Alaska, the council thereof instituted this proceeding by filing a petition in the District Court for the Third Judicial Division of Alaska— the division in which the City of Anchorage is located—pursuant to § 16–1–22. Thereafter, pursuant to § 16–1–22, the petition was presented to a judge of the District Court, and the judge fixed a time and place of hearing on the petition and caused a notice thereof to be posted and published. Appellants, E. G. Bailey, Frank Evans and Earl Hillstrand, appeared at the hearing and objected to the proposed annexation. The hearing was concluded on September 26, 1953. On December 10, 1953, pursuant to § 16–1–22, the District Court ordered "that an election be held in accordance with existing law to determine whether or not those persons qualified to vote in the area sought to be annexed, and those persons qualified to vote in the City of Anchorage, desire that the area described in the petition be annexed to the City of Anchorage." This appeal is from that order.

That order was not a final decision, within the meaning of 28 U.S.C.A. § 1291, and hence was not appealable under that section. It was not one of the interlocutory orders, decrees or judgments mentioned in 28 U.S.C.A. § 1292 and hence was not appealable under that section. Nor was it appealable under any other statute.

Appeal dismissed.